# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### (Reading)

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| **Deborah M. Bebko** | CASE NO.: 19-15281-pmm |
| Debtors | HEARING DATE: April 20, 2021<br>TIME: 10:00am<br>LOCATION: Telephonic Hearing |

**RESPONSE OF WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2, TO DEBTOR'S MOTION TO REINSTATE THE STAY**

AND NOW COMES, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 ("Movant"), by and through its attorneys, Hill Wallack LLP, and respectfully represents as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. Responding Secured Creditor is without sufficient information to admit or deny whether Debtor has tendered funds to her counsel. Responding Secured Creditor denies all allegations contained within paragraph and submits the following information in support of its response in opposition to Debtor's Motion to Reinstate Automatic Stay with respect to the real property located at 115 E Walnut St, Ephrata, PA 17522 (the "Mortgaged Premises") on which Movant holds a first mortgage.

5. On September 8, 2020, Movant filed a Motion for Relief from the Automatic Stay as a result of the Debtor's failure to make regular post-petition mortgage payments from October 1, 2019 through September 1, 2020 in the amount of $12,201.96 ($1,016.83 x 12 months).

{08765398; 1}

6. Debtor filed a response to Movant's Motion on September 22, 2020.

7. On September 29, 20201, an Order for Relief from the automatic stay was entered in favor of the Secured Creditor after the motion for relief was heard.

8. On December 3, 2020, and Order was entered dismissing the instant bankruptcy proceeding with regard to joint debtor, Steven Bebko.

9. On March 26, 2021, the Debtor filed the subject motion termed a "Motion to Vacate Automatic Stay" seeking to vacate the Order for Relief in favor of the Secured Creditor.

10. Debtor remains in default under the terms of the mortgage and note, including eighteen (18) post-petition mortgage payments as follows:

| | |
|---|---|
| 16 monthly payments (10/1/19-1/1/21) @ $1,016.83 ea. | $16,269.28 |
| 2 monthly payments (2/1/21-3/1/21) @ $1,051.73 ea. | $2,103.46 |
| Less post-petition suspense | <$0.98> |
| TOTAL POST-PETITION DUE | $18,371.76 |

11. Debtor's Motion states that she delivered to counsel an immediate payment of $8,000.00 along with a request that the remainder of arrears be added to the plan with Debtor required to maintain regular scheduled post-petition payments. However, the Responding Secured Creditor does not agree to Debtor's proposed terms as inappropriate and infeasible.

12. The Order for Relief from the automatic stay was entered by this Court for cause pursuant to 11 U.S.C. §362(d)(1)and(2) because Debtor has failed to maintain ongoing mortgage payments as provided for in the Debtor's confirmed plan and the Secured Creditor lacked adequate protection.

13. Debtor's Motion concedes that such cause still exists for stay relief and that the Secured Creditor continues to lack adequate protection. In fact, Debtor's proposal would still leave her with more than $10,000 in post-petition arrears.

14. Debtor's repayment schedule as proposed in the instant motion is infeasible according to Debtor's budget as set forth on Official Schedules "I" and "J" in light of the payment history in this case.

15. Moreover, Debtor's Motion seeks to overturn an Order of this Court without having filed a timely appeal, a timely motion pursuant to Federal Bankruptcy Rules 9024 and/or 9025 and/or a request for appropriate injunctive relief by adversary proceeding pursuant to the ruling of *In re Wedgewood Realty Grp., Ltd*., 878 F.2d 693 (3d Cir. 1989).

16. Rather, Debtor has made the instant motion nearly seven (7) months later, which is based solely on the factual assertion that Debtor wishes to make a partial tender of arrears. There is no legal basis cited for the Debtor's requested relief.

17. As such, the responding Secured Creditor hereby respectfully requests that Debtor's motion should be denied with prejudice unless, or until Debtor is able to prove by sufficient evidence that relief from said order is appropriate under the applicable legal standards.

WHEREFORE, respondent respectfully requests this Court to enter an order denying Debtor's motion to vacate the prior Order for Relief, which has been captioned as a Motion to Vacate the Automatic Stay.

Respectfully submitted,

By: /s/ Angela C. Pattison
Angela C. Pattison, Esq.,
Attorney ID 307611
Hill Wallack, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone 267-759-2077
Facsimile 215-579-9248
Email: apattison@hillwallack.com

{08765398; 1}

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Reading)

| IN RE: | CHAPTER 13 |
|---|---|
| **Deborah M. Bebko** | CASE NO.: 19-15281-pmm |
| Debtors | HEARING DATE: April 20, 2021<br>TIME: 10:00am<br>LOCATION: Telephonic Hearing |

**CERTIFICATE OF SERVICE**

I hereby certify that service was made upon all interested parties, indicated below of (i) Opposition of WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 in the manner indicated below on April 8, 2021:

Steven S. Bebko
115 E. Walnut Street
Ephrata, PA 17522

Deborah M. Bebko
115 E. Walnut Street
Ephrata, PA 17522
**Debtors**
**Via Regular Mail**

John A. Digiamberardino
845 North Park Road
Suite 101
Wyomissing, PA 19610
**Counsel for Debtors**
**Via ECF**

Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106
**United States Trustee**
**Via ECF**

Scott F. Waterman
2901 St. Lawrence Ave
Suite 100
Reading, PA 19606
**Chapter 13 Trustee**
**Via ECF**

By:  /s/ Angela C. Pattison
Angela C. Pattison, Esq.,
Attorney ID 307611
Hill Wallack, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone 267-759-2077
Facsimile 215-579-9248
Email: apattison@hillwallack.com

{08765398; 1}