UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Reading)

| | |
|---|---|
| IN RE:<br><br>**Steven S. Bebko aka Solid Surface by Bebko**<br>**Deborah M. Bebko**<br><br>Debtors | CHAPTER 13<br><br>CASE NO.: 19-15281-pmm<br><br>HEARING DATE: September 29, 2020<br>TIME: 10:00am<br>LOCATION: Courtroom #1 |

AFFIDAVIT IN SUPPORT OF OPPOSITION TO MOTION

STATE OF _Florida_ )
COUNTY OF _Hillsborough_ ) SS:

I, _Lisa L. Johnson_, being of full age, being duly sworn according to law, upon my oath depose and say:

1. I am a _AVP, Bankruptcy_ of Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee for MFRA Trust 2014-2 ("Movant") in the within matter. As such, I have personal knowledge of the facts set forth herein am authorized to make this Affidavit on behalf of Movant.

2. The Affidavit is filed in further support of the Movant's Opposition to Debtor's Motion for Reconsideration.

3. On or about August 8, 2007, Deborah Bebko and Steve Bebko ("Debtors") executed and delivered to CHASE BANK USA, N.A., a Promissory Note ("Promissory Note") in the principal amount of $133,600.00.

4. To secure the obligations under the Promissory Note, Debtors granted CHASE BANK USA, N.A. a valid, enforceable, and recorded first lien and mortgage (the "Mortgage") on the Mortgaged Premises, all of the terms of which are incorporated herein by reference as if fully set forth at length, which Mortgage was thereafter recorded in the Lancaster County Recorder of Deeds Office on August 21, 2007 Doc ID 5644944.

{08898699; 1}

5. Movant is the current mortgagee by virtue of an Assignment of Mortgage.

6. Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee for MFRA Trust 2014-2 (hereafter "Wilmington") holds a claim with respect to the real property known as 115 E Walnut Street, Ephrata, Pennsylvania 17522, which is docketed with this Court as Claim #11, in the amount of $173,023.97, including arrears in the amount of $43,843.53.

7. On September 29, 2020, this Court awarded Wilmington stay relief after hearing oral arguments as to the Debtor's failure to remit timely mortgage payments and/or offer Wilmington adequate protection.

8. As a consequence of the relief Order, Wilmington proceeded with its efforts before the state court to enforce its Note and Mortgage, which form the basis of its final judgment in foreclosure.

9. Debtor has previously submitted an incomplete modification application, for which notice was dispatched describing the deficient items. See, Incomplete Letter dated September 29, 2020

10. Debtor has contacted Wilmington for review of an alleged short sale offer, which offer is not subject to consideration under applicable law due to its submission within 37 days of a scheduled sheriff sale.

11. Wilmington's policy applicable to all borrowers and pursuant to applicable law is to reject short sale applications received within less than 37 days of a scheduled sheriff sale.

12. Review of the documentation provided by the Debtor with the investor of this mortgage account has revealed that said offer would be too low to be approved upon consideration.

13. As of, May 12, 2021, the total amount due in relation to Claim #11, is approximately $188,000 due to the accrual of unpaid sums on the Debtor's account during the pendency of the instant bankruptcy proceeding.

{08898699; 1}

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are knowingly or willfully false, I am subject to punishment according to law.

Signature: _____

Sworn to and ascribed to before me this _2d_ day of _May_ 2021.

_____
Notary

JOETTE ELIZABETH BONIN
MY COMMISSION # GG 133231
EXPIRES: August 9, 2021
Bonded Thru Notary Public Underwriters

{08898699; 1}