# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# (Reading)

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| **Deborah M. Bebko** | CASE NO.: 19-15281-pmm |
| Debtor | HEARING DATE: June 10, 2021<br>TIME: 11:00am<br>LOCATION: Telephonic Hearing |

### OBJECTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2, TO DEBTOR'S MOTION TO SELL REAL ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES

Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee for MFRA Trust 2014-2 (hereafter "Wilmington"), by its attorneys Hill Wallack LLP, hereby objects to the Debtor's Motion to Sell Real Estate Free and Clear of Liens and Encumbrances ("Motion to Sell") as follows:

1. Wilmington holds a claim with respect to the real property known as 115 E Walnut Street, Ephrata, Pennsylvania 17522 ("Property"), which is docketed with this Court as Claim #11, in the amount of $173,023.97, including arrears in the amount of $43,843.53.

2. On September 29, 2020, this Court awarded Wilmington stay relief after hearing oral arguments as to the Debtor's failure to remit timely mortgage payments.

3. The Court thereafter upheld said stay relief by Orders dated April 20, 2021 and May 20, 2021. *See* Docs 68, 85.

4. As a consequence of the relief Order, Wilmington proceeded with its efforts before the state court to enforce its Note and Mortgage, which form the basis of its final judgment in foreclosure.

5. A sheriff's sale of the Property is currently scheduled for July 28, 2021.

6. Debtor filed the instant Motion to Sell on May 20, 2021, proposing that the Court enter an Order approving a short sale free and clear of liens for the amount of $126,000 to close by August 31. 2021, which short sale offer has already been squarely rejected by the objecting creditor.

7. Debtor's motion at Paragraph Eight alleges that the sale will generate excess proceeds with which to fund the Debtor's plan, when that statement is directly contradicted by the fact that the sale proposed is not a full price sale.

8. Debtor's motion fails to allege the necessary factors for this Court to approve a sale free and clear of liens, which require that the Debtor demonstrate the following:

> "(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

See, 11 U.S.C. §363(f).

9. Debtor cites no rule, law or precedent that would permit this Court to establish that the proposed short sale free and clear of liens is authorized by applicable non-bankruptcy law pursuant to 11 U.S.C. §363(f)(1).

10. Wilmington has already reviewed and rejected Debtor's untimely effort to request short sale approval for this alleged transaction because the sales price is insufficient and the transaction will not close for nearly three (3) months, well after the sheriff sale is expected to occur. Accordingly, the requirement of 11 U.S.C. §363(f)(2) that Wilmington consent to this transaction is not met.

11. Debtor has failed to meet the requirement set forth at 11 U.S.C. § 363(f)(3) that a sale free and clear of liens be in such amount that is greater than the aggregate of all liens on the property.

12. Whereas Debtor's motion contemplates that the sum due to Wilmington is approximately $100,000.00, Wilmington has already filed Claim #11 is this case, which is entitled to presumptive validity pursuant to Federal Rule of Bankruptcy Procedure 3001(f). No challenge has been raised to that claim, nor has Wilmington's final judgment of foreclosure been vacated in state court. Accordingly, Debtor cannot satisfy the requirement of 11 U.S.C. § 363(f)(4).

13. Finally, Wilmington is not required by any legal theory to accept a short sale in full satisfaction of the debt described in its claim. As such, the requirements of 11 U.S.C. § 363(f)(5) have not been met.

14. For all of the foregoing reasons, Wilmington respectfully requests this Court to deny Debtor's motion to sell the subject property fee and clear of liens with prejudice as it was intended to force Wilmington to accept an already rejected short sale offer.

WHEREFORE, Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee for MFRA Trust 2014-2, respectfully requests this Court to deny Debtor's motion sell real estate free and clear of liens and encumbrances as unsupported by law or fact.

Respectfully submitted,

By: /s/ Angela C. Pattison, Esq.
Angela C. Pattison, Esq.,
Attorney ID 307611
Hill Wallack, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone 267-759-2077

{08937131; 1}

                                              Facsimile 215-579-9248
                                              Email: apattison@hillwallack.com

{08937131; 1}

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Reading)

| IN RE:<br><br>**Deborah M. Bebko**<br><br>   Debtor | CHAPTER 13<br><br>CASE NO.: 19-15281-pmm<br><br>HEARING DATE: June 10, 2021<br>TIME: 11:00am<br>LOCATION: Telephonic Hearing |
|---|---|

**CERTIFICATE OF SERVICE**

   I hereby certify that service was made upon all interested parties, indicated below of (i) Opposition of WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 in the manner indicated below on June 4, 2021:

Deborah M. Bebko
115 E. Walnut Street
Ephrata, PA 17522
**Debtor**
**Via Regular Mail**

John A. Digiamberardino
845 North Park Road
Suite 101
Wyomissing, PA 19610
**Counsel for Debtor**
**Via ECF**

Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106
**United States Trustee**
**Via ECF**

Scott F. Waterman
2901 St. Lawrence Ave
Suite 100
Reading, PA 19606
**Chapter 13 Trustee**
**Via ECF**

                    By:  /s/ Angela C. Pattison
                    Angela C. Pattison, Esq.,
                    Attorney ID 307611
                    Hill Wallack, LLP
                    777 Township Line Road, Suite 250
                    Yardley, PA 19067
                    Telephone 267-759-2077
                    Facsimile 215-579-9248
                    Email: apattison@hillwallack.com